No. 10,070.

## Slinkard et al. *v.* The State, ex rel. Shryer.

Bankruptcy.—*Execution Sale Pending Proceedings in.*—The sale of real estate upon execution issued pending proceedings in bankruptcy against the execution defendant, the judgment having been taken before the proceedings in bankruptcy were begun, and the levy and sale having been made with the approval of the assignee and the register in bankruptcy, is not void.

Same.—When property is encumbered for its full value, the assignee in bankruptcy of the debtor may abandon it for sale in satisfaction of such liens, and in such case a sale by the process of the ordinary tribunals will be valid, notwithstanding the proceedings in bankruptcy.

From the Greene Circuit Court.

*E. E. Rose* and *E. Short,* for appellants.

*A. G. Cavins* and *E. H. C. Cavins,* for appellee.

Woods, C. J.—Action upon the official bond of a county clerk for alleged failure to pay over to the relator money paid to the clerk in redemption of real estate from an execution sale, at which the relator was the purchaser. The facts are in a degree complicated, but need not be detailed. The question is whether the sale was void on account of the pendency of proceedings in bankruptcy against the execution defendant at the time of the issue and levy of the writ and of the sale. The judgment had become a lien upon the property before the filing of the petition in bankruptcy, and, together with other encumbrances, exceeded the value of the land. In view of this fact, the assignee in bankruptcy, who was also attorney of record for the plaintiff in the relator's judgment, after con-

sultation with the register in bankruptcy, and with his approval, caused the relator's execution to be issued and levied and the sale to be made. The bankrupt, who, in the meantime, had been discharged and had received from the assignee a conveyance of the real estate, subject to the encumbrances upon it, paid to the clerk the sum necessary to effect a redemption from the relator's sale; and the clerk then offered to pay the money over to the relator, but he declined to receive it, until he could consider and determine whether or not the redemption was lawful. About a year thereafter the clerk, without notice of the relator's willingness to accept the money, repaid it to the redemptioner upon his demand.

We deem it clear that the sale made upon the relator's execution, though it might, perhaps, have been enjoined, was not void on account of the proceedings in bankruptcy. Bump Bankruptcy (9th ed.), 216–228, 319, 328, 600.

The execution plaintiff might doubtless have been enjoined, at the suit of the assignee in bankruptcy, against proceeding to a sale upon his execution; but, the property being encumbered for its full value, the assignee had the right to abandon it to sale in satisfaction of such liens; and this, it is shown, was done in this instance, with the advice and consent of the register in bankruptcy. No question is made of the good faith of the transaction.

Judgment affirmed.